RECEIVED
JUL 1 3 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| DARROL BRUCE BROWN | CIVIL ACTION NO. 04-2383-P |
| VERSUS | JUDGE HICKS |
| VENETIA T. MICHAEL, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is Brown's request for appointment of counsel. [Doc. 3]. He is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he claims his civil rights were violated by prison officials. He names Venetia T. Michael, Ms. Huff, Debbie Scriber, Carolyn White, Ms. Sneed, Ms. Oens, Ms. Evans, Kathy Smith, Ms. Owens, Jeffery Jackson, Ms. Hearns and Ms. Parker as defendants.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of Mallard v. United States District Court for the Southern District, 109 S.Ct. 1814 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) with the

authority to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See Ulmer v. Chancellor, 691 F.2d. 209, 212 (5th Cir. 1982) and Jackson v. Cain, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court and the defendants by "shortening the trial and assisting in just determination." See Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992), citing Murphy v. Kellar, 950 F.2d. at 293, n.14; see also Ulmer, 691 F.2d. at 213, and Jackson, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. See Jackson, 864 F.2d. at 1242; Ulmer, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

In his civil rights complaint, Plaintiff complains he has been denied medical treatment. The Undersigned has issued a memorandum order requiring Plaintiff to amend his complaint. Plaintiff is required to set forth facts to show that his constitutional rights

were violated by each named Defendant. The Undersigned has clearly set forth the requirements to Plaintiff. Plaintiff is not required to set forth legal theories. Plaintiff is merely required to set forth factual allegations. Plaintiff may allege these facts without the assistance of an attorney. Thus, no special legal knowledge is required to respond to the memorandum order. Additionally, Plaintiff has first hand knowledge of the facts which form the basis of this action. The claims are typical of those often asserted in civil rights litigation and are not complex. Finally, Plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

Accordingly, Plaintiff's request for appointment of counsel should be denied at the present time as the allegations contained in the complaint and Plaintiff's motion do not demonstrate "exceptional circumstances" which would warrant the appointment of counsel at this time. Moreover, Plaintiff's request should be denied at the present time because Plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

**IT IS ORDERED** that Plaintiff's request for appointment of counsel be **DENIED** at this time.

Signed this 13 day of July 2005, in chambers in Shreveport, Louisiana.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE