RECEIVED
JUN 1 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| DARROL BRUCE BROWN | CIVIL ACTION NO. 04-2383-P |
| VERSUS | JUDGE HICKS |
| VENETIA T. MICHAEL, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Darrol Bruce Brown ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 18, 2004. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and he claims his civil rights were violated by prison officials. He names Venetia T. Michael, Angie Huff, Debbie Scriber, Karen White, Nurse Sneed, Judy Evans, Kathy Smith, Nurse Owens, Jeffery Jackson, Dr. Hearns, Dr. Parker and Sue Odom as defendants.

Plaintiff claims that on April 1, 2004, a snake like creature crawled out of a hole in his mattress and into his rectum. He claims he can see the creature in his throat and that it is causing severe, stinging pain from his head to his feet, headaches, rectum, eye and

---

[1] This decision is not intended for commercial print or electronic publication.

stomach pain and swollen gums, legs and feet.

Plaintiff complains that since this incident, he has been denied medical treatment. He complains that Defendants referred him for mental health treatment instead of providing him with medical treatment. Plaintiff claims that on April 1, 2004, he made a mental health emergency sick call after the incident and asked to be placed on watch. He claims nurse Jeffery Jackson responded to his call but refused to check his vitals. He claims nurse Jeffery Jackson told him that he would allow him to see the doctor. He complains that after he explained his medical condition to nurse Judy Evans, she refused him medical treatment. Plaintiff admits Dr. Hearns examined him and ordered blood work.

Plaintiff complains that during several other sick call visits, nurses Smith, Owens, Odom and Sneed did not check his vital signs. He admits each nurse told him he could see the doctor. Plaintiff complains that during another sick call visit, nurse Kathy White refused to check his vitals. He admits she did give him ointment. Plaintiff claims Dr. Parker examined him but failed to prescribe any medication for his condition.

Plaintiff claims that on June 1, 2004, he wrote letters to Warden Michael, Angie Huff and Debbie Scribber informing them he had been denied medical treatment. He complains because they did not respond to his letters.

As relief, Plaintiff seeks to have Defendants terminated from their positions, a declaratory judgment and monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits Defendants referred him for mental health treatment. He further admits he was seen by the medical staff on numerous occasions and was examined by Dr. Hearns and Dr. Parker. He admits Dr. Hearns ordered blood tests. He further admits nurse Karen White gave him ointment. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment

was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff is a prisoner, this Court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the Court finds that Plaintiff's claims regarding the denial of medical care lack an arguable basis in fact and are frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 13th day of June 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE